(Reap. Dec. 10057)

SHELRICK OPTICAL CO. v. UNITED STATES

Entry No. 14872, etc.

(Decided August 9, 1961)

*William E. Speer* for the plaintiff.

*William H. Orrick, Jr.*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, and *Samuel D. Spector*, trial attorneys), for the defendant.

MOLLISON, Judge: These are appeals for reappraisement of the values of frames for sunglasses, imported into the United States from Italy during the period from January 29, 1958, to February 14, 1958. The dates of exportation range from January 17, 1958, to February 11, 1958.

The frames are described on the invoices by certain names, as "Ronnie" or "Ronny," "Bella," and "Gia." They were entered at the invoiced unit prices as follows:

| | |
|---|---|
| Ronnie or Ronny | US$1. 40 each, packed |
| Bella | 1. 35 each, packed |
| Gia | 1. 20 each, packed |

The appraiser returned all of the frames at a value of 1,200 Italian lira, less 3 per centum cash discount, plus 3 per centum tax, each, packed, which the parties evidently have agreed equals United States $1.92 each, packed.

The parties have agreed that foreign value, as defined in section 402(c), Tariff Act of 1930, as it existed prior to the amendment thereof by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise.

In support of its contention that the invoiced unit values represent the foreign values of the frames in issue, plaintiff offered in evidence the affidavit of Formelli Franceso, who identifies himself therein as one of the proprietors of the firm in Bologna, Italy, which manufactured and exported the frames at bar. The affidavit was received in evidence as plaintiff's exhibit 1.

That portion of Mr. Franceso's affidavit which contains evidence as to the foreign value of sunglass frames, such as those in issue, reads as follows:

That during the months of January and February, 1958, the usual wholesale quantities, in the ordinary course of trade, for home consumption to all purchasers of said frames for sun-glasses was more than twelve units;

That during the months of January and February, 1958, the wholesale price at Bologna, Italy of the "Ronny" frames was $1.35 and $1.40 per unit, and, $1.20 per unit for the "Gia" frames.

As pointed out by counsel for the defendant, in the brief filed in its behalf, the evidence contained in the paragraphs quoted above represents nothing more than conclusions or statements of ultimate, issuable fact, which, under the principles expressed by our appellate court in the cases of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Kobe Import Co.* v. *United States*, 43 id. 136, C.A.D. 620; *United States* v. *Fisher Scientific Co.*, 44 id. 122, C.A.D. 648; and *United States* v. *Barr & Beards, Inc.*, 46 id. 92, C.A.D. 705, do not, standing alone, constitute substantial evidence sufficient to overcome the statutory presumption of correctness attending the appraised value.

Nothing in the nature of evidentiary facts was offered by the plaintiff to support the conclusions stated by Mr. Franceso.

The evidence offered by the defendant consists of the report of a Treasury representative (defendant's exhibit A) concerning a visit made by him at the offices of the manufacturer and exporter in Italy. Attached to the report is a copy of what is identified in the report as an "office price list." However, the said list is in Italian, without translation supplied, and appears to be dated May 1, 1958, or some 3 to 4 months after the dates of exportation here involved, without anything shown therein to indicate that the prices stated in the list represented the prices which obtained on or about the dates of exportation here involved.

Under the circumstances, I cannot find that the Treasury representative's report supports the values found by the appraiser.

On the other hand, I am unable to hold that the plaintiff has succeeded in overcoming the presumption of correctness of the values returned by the appraiser, which is expressed in 28 U.S.C., section 2633, as follows:

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

On the record before me, I find as facts:

(1) That the merchandise involved in these appeals for reappraisement is frames for sunglasses, designated on the invoices as "Ronnie" or "Ronny," "Bella," and "Gia," and exported from Italy during the period from January 17, 1958, to February 11, 1958.

(2) That, at the times of exportation here involved, merchandise such as or similar to that here involved was freely offered for sale for home consumption to all purchasers in the principal markets of Italy.

(3) That plaintiff has failed to establish any values for the merchandise other than those returned by the appraiser.

I conclude as matters of law:

That foreign value, as defined in section 402(c), Tariff Act of 1930, as it existed prior to the amendment thereof by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise, and that, by operation of 28 U.S.C., section 2633, the values found by the appraiser are the values of the merchandise.